**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Magistrate No. 16-MJ-767-01, 02, 03** |
| | : | |
| **v.** | : | |
| | : | |
| **SULTAN SAAD ALORINI,** | : | |
| **ANDRIY SHVAB,** | : | |
| **ELDAR REZVANOZ,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM FOR PRETRIAL DETENTION

***COMES NOW***, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, and respectfully moves this Court to order the pretrial detention of the above-mentioned defendants, and in support thereof, submits this memorandum which provides an overview of the investigation which led to the November 15, 2016, indictment of the above-named defendants for their involvement in a kidnaping.   As discussed below, this Court should order that the defendants be held without bond pending the resolution of this case. In support thereof, we submit as follows:

### BACKGROUND

The Bail Reform Act, Section 3142(e), which authorizes detention without bail pending trial, states:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer ***shall order*** the detention of the person before trial.

Emphasis added.   Factors to be considered include:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person . . .

(4) *the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .*

(Emphasis added.)   Thus, at all times, the issue of defendant's danger to the community if released should be at the forefront of the Court's analysis when ruling on pre-trial detention.   In this case, probable cause has been established via an indictment that the defendants participated in a kidnaping, a crime of violence which carries a maximum term of imprisonment of life, see 18 U.S.C. § 1201.   As discussed below, based upon a preponderance of the evidence and consideration of the aforementioned factors governing the determination of detention, there are no conditions of release which can reasonably assure the appearance of the defendants and the safety of the community.

## THE INVESTIGATION

Beginning on November 8, 2016, agents from the Federal Bureau of Investigation received information concerning a suspected kidnaping which occurred in the Washington, D.C. metropolitan area.   Specifically, agents in the Washington Field Office, FBI, received information from the FBI's Assistant Legal Attaché (ALAT) in Italy, that a witness (W-1) stated that he had been contacted by Daumants Petrovs, who was residing in the United States and who was being held for a ransom.   The ALAT forwarded text messaged photos of Petrovs that were received byW-1 from the purported kidnappers in which Petrovs appears to be physically restrained by unknown individuals while a knife was held at his throat and depicting him with apparent bruises

and cuts to his face.   Furthermore, W-1 provided a phone number he received for the purported kidnappers, 202-469-2965.   A records check for this cellular telephone number revealed that it was subscribed to SULTAN ALORINI.   As a result of this and other information, on November 8, 2016, the FBI obtained two judicially authorized search warrants to receive Global Positioning System (GPS) data on two cellular telephones, one associated with Petrovs and the other for 202-469-2965, the cellular telephone subscribed to ALORINI.   Based upon GPS data and records checks from public and law enforcement databases, the FBI identified an address for ALORINI located at 5441 16th Avenue, Apt. T1, Hyattsville, Maryland.

On the evening of November 9, 2016, GPS data for the victim's phone indicated that the telephone was located in the vicinity of this residence.   Agents of the FBI and other law enforcement personnel responded to this location and ultimately detained two males after they exited the residence and a third male inside of the residence.   Agents also located the victim Petrovs inside the residence.   Petrovs identified the three detained males, ALORINI, ANDRIY SHVAB, and EDNAR REZVANOV, as participants in his kidnaping.   The FBI placed ALORINI, SHVAB, and REZVANOV under arrest, and they were charged with Kidnaping, in violation of 18 U.S.C. § 1201(a)(1).

Agents interviewed Petrovs who advised that on the evening of November 6, 2016, he was walking in the vicinity of the 1000 block of H Street, N.W., Washington, D.C., when he was grabbed by three men and forced into a black sedan with a broken passenger side rear window. Petrovs stated that his eyes were immediately taped over with duct tape, so he could not see his assailants or determine where they were traveling.   Petrovs stated that he was restrained with handcuffs and that his belt was wrapped around his ankles.   Petrovs advised that he was driven

around for approximately two to three hours, and at some point he heard the voice of a fourth assailant.   Petrovs stated that eventually he was brought to 5441 16th Avenue, Apt. T1, Hyattsville, Maryland, where he was ultimately found by law enforcement personnel on November 9, 2016.   Petrovs informed agents that during the kidnaping he was restrained, beaten, and told that unless he obtained $10,000 for his captors by Friday, November 11, 2016, he would be killed. Petrovs acknowledged that he contacted friends located in Italy in order to obtain the ransom money.[1]   Petrovs stated that during the kidnaping a shotgun was pointed at him and that he was beaten on multiple occasions.   During a search of the aforementioned residence, agents recovered 25 shotgun shells, but were unable to locate any firearms within the residence.   Also recovered from inside the residence were the following items: two knives found on the living room couch, multiple handcuff cases located in the living room, used black duct tape recovered from the living room couch, flex cuffs located in the living room, duct tape located on a table in the kitchen, handcuffs found inside a closet, and a folding knife inside one of the bedrooms.   Also recovered from defendant REZVANOV's person were handcuff keys.

Petrovs also provided a description of the vehicle that was used in the abduction, and agents located in the parking lot near 5441 16the Avenue, Hyattsville, Maryland a Toyota 4-door sedan that Petrovs positively identified as the vehicle used during the kidnapping.   A records check

---

[1]     Petrovs initially denied having knowledge about the motive for the kidnapping.   Petrovs later admitted to agents that an associate of his in Latvia paid for him to enter the United States for the purpose of engaging in a fraud scheme to manufacture fake prepaid credit cards, which were supposed to be used to make withdrawals from ATM machines.   As part of the scheme, Petrovs was supposed to send some of the money to his associate in Latvia.   Petrovs admitted that upon entering the United States in September of 2016, he made a number of fake prepaid credit cards, which he used to withdrew money from ATM machines, but failed to turn the money over to his associate.

revealed that the vehicle was registered to ADRIY SHVAB at 6151 Edsall Road, Apt. 0. Alexandria, VA 223044.

Defendant REZVANOV is a foreign national from Kazakhstan, and according to information provided by U.S. Immigration and Customs Enforcement (ICE) he is in the country on an expired student visa.   Further, REZVANOV has multiple fraud related charges pending in the State of Pennsylvania arising from multiple incidents, does not appear to have ties to the Washington, D.C., area, and does not have verified employment.   According to ICE, defendant ALORINA is a Saudi national who obtained legal permanent resident status on November 10, 2016.   According to the Pretrial Services Agency, ALORINA was living in the same residence as co-defendant SHVAB, which was also the location where they forcibly held the victim. ALORINA does not appear to have significant ties to the Washington, D.C., area, and does not appear to have verified employment.   Records from ICE revealed that defendant SCHVAB is a naturalized United States citizen.   As discussed *supra*, defendant SHVAB lived with co-defendant ALORINI and otherwise does not appear to have any family in the Washington, D.C., area.

The government submits that based upon the facts set forth *supra*, and based upon a preponderance of the evidence, the defendants present both a danger to the community and a risk of flight, and therefore, they should be detained pending trial in this matter.   The Government will make further argument at the individual detention hearings.

**WHEREFORE**, we respectfully request that the Court issue an Order granting this Application.

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

D.C. Bar # 415793

By:

_____/s/_____

Steven Wasserman
steve.wasserman@usdoj.gov
D.C. Bar No. 453251
Assistant United States Attorney
Violent Crimes and Narcotics Trafficking Section
555 4th Street N.W, 4th Floor
Washington, D.C. 20530
(202) 252-7719 (Wasserman)

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, via email this 15th day of November, 2016.

_____/s/_____

STEVEN B. WASSERMAN
Assistant United States Attorney